1  BRUCE J. HIGHMAN, State Bar No. 101760
   LOUIS A. HIGHMAN, State Bar No. 61703
2  HIGHMAN & HIGHMAN
   A Professional Law Association
3  870 Market Street, Suite 467
   San Francisco, CA 94102
4  Telephone: (415) 982-5563
   Fax: (415) 982-5202
5  Email: bruce.highman@highmanlaw.com

6  Attorneys for Plaintiff

7

8          UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

9                         SAN FRANCISCO-OAKLAND DIVISION

10

11  JAMES DOUST,                                No. 3:16-cv-06997

12          Plaintiff,                          FIRST AMENDED COMPLAINT
                                                FOR RELIEF FOR VIOLATION OF
13      -v-                                     LABOR CODE §§ 1102.5 AND 98.6
                                                AND 15 U.S.C. § 78u-6 OF DODD-
14  DIRECT FLOW MEDICAL, INC., a                FRANK ACT, AND FOR TORTIOUS
    corporation; DOES 1-10, inclusive,          DISCHARGE IN VIOLATION OF
15                                              PUBLIC POLICY; DEMAND FOR
            Defendants.                         JURY TRIAL
16

17

18                                   **PARTIES**

19          1. Plaintiff James Doust worked as the Director of Finance of defendant Direct Flow

20  Medical, Inc., ("DFM"), a corporation, from October 2013 until his termination on October 2, 2015.

21          2. The true names and capacities, whether individual, corporate, partnership, associate, or

22  otherwise, of defendants sued herein as Does 1-10, inclusive, are unknown to plaintiff, who therefore

23  sues said defendants by such fictitious names and will pray leave to amend this complaint together

24  with appropriate charging allegations when the same have been ascertained.  Plaintiff is informed

25  and believes and thereupon alleges that each of said fictitiously named defendants are responsible

26  in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged,

27  were proximately caused by their conduct.

28  /

1

2                                         **JURISDICTION**

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331and 15 U.S.C. § 78u-6 because the third claim for relief is brought under 15 U.S.C. § 78u-6 of the Dodd-Frank Act. The other claims for relief are brought under California law. The Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

**VENUE**

4. The events alleged herein took place in the County of Sonoma in the San Francisco-Oakland Division of the Northern District of California. Plaintiff Doust is a resident of the County of Sonoma. The principal place of business of defendant DFM is also in the County of Sonoma. Therefore, venue is appropriate in the San Francisco-Oakland division of the Northern District of California.

**FIRST CLAIM FOR RELIEF**
**Violation of Labor Code § 1102.5**
**(Defendants are Defendants and Each of Them)**

5. Plaintiff refers to the allegations of paragraphs 1-4 of the complaint and incorporates the same herein by this reference as though set forth in full.

6. In a written warning dated July 16, 2015 that he gave to Mr. Doust, his manager, David Boyle, the Chief Financial Officer ("CFO"), told Mr. Doust that he had to complete financial statements that did not change. In the warning, he also referred to DFM "as a soon to be public company." About this time, Mr. Boyle also told Mr. Doust that DFM was now making quarterly financial reports regarding the company available to investors. This included the second quarter report. Previously, the financial reporting was just internal within DFM. Mr. Doust is informed and believes that the quarterly reports were made available to investors and potential investors for reasons that included without limitation that they might purchase interests or additional interests in DFM. He also is informed and believes that it was reasonably foreseeable and that DFM hoped that the investors and potential investors who received the quarterly reports might purchase interests or additional interests in DFM.

7. Mr. Doust came to realize that the second quarter 2015 financial reporting which had been made available to investors needed to be changed because it charged excess capacity to inventory

1   that should have instead been charged as an expense. The charging of the excess capacity to

2   inventory would not have really mattered if the report had not been made available to investors

3   inasmuch as it could have been revised by the end of the year. But because the report had been made

4   available to investors, Mr. Doust believed the report was not legally proper or in accord with

5   Generally Accepted Accounting Principles ("GAAP") and violated state or federal statutes, rules or

6   regulations. He also believed the legal problem with the report was made worse by the fact that DFM

7   planned to soon be a public company. Mr. Doust additionally believed it would especially be

8   unlawful and violate state or federal statutes, rules or regulations not to correct the second quarter

9   report now that it was realized that excess capacity that had been charged to inventory needed instead

10   to be charged as an expense.

11       8. Accordingly, on September 29, 2015, Mr. Doust wrote an email to his manager, Mr. Boyle,

12   the CFO, in which he noted that there might need to be a fairly large reclassification of money from

13   inventory to expense in the second quarter reporting, and that he had drafted a proposed new policy

14   for expensing excess capacity that he had tried to base on FAS 151 of the Financial Accounting

15   Standards Board. Mr. Doust attached the policy to the email. The reclassification would adversely

16   affect the company's reported net income for the second quarter. Although Mr. Doust had previously

17   talked with Mr. Boyle about how excess capacity charged to inventory should instead have been

18   charged as an expense, he had not before September 29 disclosed to Mr. Boyle that there might need

19   to be a fairly large reclassification of money in the second quarter reporting that had already been

20   made available to investors. On October 2, 2015, Mr. Boyle and Cheryl Clem, then the Human

21   Resources Director, met with Mr. Doust. Mr. Boyle told Mr. Doust that he had violated Mr. Boyle's

22   directive in the July 16, 2015 written warning not to change financial statements so he was being

23   fired.

24       9. Labor Code 1102.5, subdivision (b), states: "An employer, or any person acting on behalf

25   of the employer, shall not retaliate against an employee for disclosing information, or because the

26   employer believes that the employee disclosed or may disclose information, to . . . a person with

27   authority over the employee or another employee who has the authority to investigate, discover, or

28   correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the

1    information discloses a violation of state or federal statute, or a violation or noncompliance with a

2    local, state, or federal rule or regulation, . . . ."

3        10. Mr. Doust disclosed information to Mr. Boyle that Mr. Doust had reasonable cause to

4    believe disclosed a violation of a state or federal statute, or a violation or noncompliance with a

5    local, state, or federal rule or regulation. Mr. Boyle was a person with authority over Mr. Doust and

6    also was an employee with the authority to investigate, discover, or correct the violation or

7    noncompliance. Therefore, Mr. Doust engaged in conduct protected from retaliation under Labor

8    Code § 1102.5, subdivision (b), by disclosing to Mr. Boyle information regarding the need to

9    reclassify money from inventory to expense in the second quarter reporting. Mr. Boyle and DFM

10   violated Labor Code § 1102.5, subdivision (b), by terminating Mr. Doust because of this disclosure.

11       11. Labor Code § 1102.5, subdivision (c), states: "An employer, or any person acting on

12   behalf of the employer, shall not retaliate against an employee for refusing to participate in an

13   activity that would result in a violation of state or federal statute, or a violation of or noncompliance

14   with a local, state, or federal rule or regulation." In engaging in the above conduct of seeking to

15   correct the second quarter 2015 reporting, Mr. Doust refused to participate in an activity that would

16   result and that he reasonably believed would result in a violation of state or federal statute, or a

17   violation of or noncompliance with a local, state, or federal rule or regulation. Failure to correct the

18   second quarter financial reporting would have violated, among other things, state and federal

19   statutes, rules or regulations, including without limitation, Civil Code §§ 1572, 1573, 1709, and

20   1710; the Unfair Competition Law, Business and Professions Code § 17200, et seq.; Penal Code §

21   484; Corporations Code § 25401; 15 USC § 77q and Rule 10b-5 of the Securities and Exchange

22   Commission; and the Dodd-Frank Act. Mr. Boyle and DFM violated Labor Code § 1102.5,

23   subdivision (c), by terminating Mr. Doust because of his refusal.

24       12. As the proximate result of defendants' violation of Labor Code § 1102.5, Mr. Doust has

25   suffered damages to be shown according to proof, including without limitation, for lost income and

26   benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss

27   of enjoyment of life, loss of reputation, and other nonpecuniary losses.

28       13. Defendants' violation of Labor Code § 1102.5 was malicious, oppressive, fraudulent, and

1   done with reckless and conscious indifference to Mr. Doust's rights, and Mr. Doust is entitled to an

2   award of punitive damages therefor to be shown according to proof.

3       14. On October 2, 2016, Mr. Doust sent a letter via email to the California Labor and

4   Workforce Development Agency (LWDA) and via certified mail to Direct Flow Medical setting

5   forth the Labor Code § 1102.5 violation set forth in this cause of action and the facts and theories

6   to support the violation. The 65th day after October 2, 2016, was December 6, 2016. Mr. Doust did

7   not receive any notice back from the LWDA on or before December 6, 2016, as to whether it intends

8   to investigate the matter. Therefore, Mr. Doust has exhausted his administrative remedies under the

9   Labor Code Private Attorneys General Act (PAGA).

10      15. A penalty of $10,000 as prescribed by Labor Code § 1102.5 and the PAGA should be

11  awarded to Mr. Doust and every other employee against whom a violation of Labor Code § 1102.5

12  was committed.

13      16. As the further proximate result of defendants' violation of Labor Code § 1102.5, Mr.

14  Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled

15  to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

16      WHEREFORE, Mr. Doust prays judgment against defendants and each of them as set forth

17  below.

18                     **SECOND CLAIM FOR RELIEF**
                    **Violation of Labor Code § 98.6**
19            **(Defendants are Defendants and Each of Them)**

20      17. Plaintiff refers to the allegations of paragraphs 1-11 of the complaint and incorporates

21  the same herein by this reference as though set forth in full.

22      18. Labor Code § 98.6 prohibits retaliation against an employee for exercising his rights

23  under the Labor Code as well as for engaging in conduct delineated under Labor Code § 1102.5.

24  Therefore, the conduct described above in which Mr. Doust engaged that was protected under Labor

25  Code § 1102.5, subdivisions (b) and (c), was also protected from retaliation under Labor Code §

26  98.6. The violation by Mr. Boyle and DFM of Labor Code § 1102.5, subdivisions (b) and (c), in

27  terminating Mr. Doust also violated Labor Code § 98.6.

28      19. As the proximate result of defendants' violation of Labor Code § 98.6, Mr. Doust has

1  suffered damages to be shown according to proof, including without limitation, for lost income and

2  benefits with prejudgment interest thereon.

3       20. On October 2, 2016, Mr. Doust sent a letter via email to the California Labor and

4  Workforce Development Agency (LWDA) and via certified mail to Direct Flow Medical setting

5  forth the Labor Code § 98.6 violation set forth in this cause of action and the facts and theories to

6  support the violation. The 65th day after October 2, 2016, was December 6, 2016. Mr. Doust did not

7  receive any notice back from the LWDA on or before December 6, 2016, as to whether it intends to

8  investigate the matter. Therefore, Mr. Doust has exhausted his administrative remedies under the

9  Labor Code Private Attorneys General Act (PAGA).

10       21. A penalty of $10,000 as prescribed by Labor Code § 98.6 and the PAGA should be

11  awarded to Mr. Doust and every other employee against whom a violation of Labor Code § 98.6 was

12  committed..

13       22. As the further proximate result of defendants' violation of Labor Code § 98.6, Mr. Doust

14  has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an

15  award of attorneys' fees and litigation expenses therefor to be shown according to proof.

16       WHEREFORE, Mr. Doust prays judgment against defendants and each of them as set forth

17  below.

18                          **THIRD CLAIM FOR RELIEF**
                  **Violation of 15 U.S.C. § 78u-6 of Dodd-Frank Act**
19                  <u>**(Defendants are Defendants and Each of Them**</u>

20       23. Plaintiff refers to the allegations of paragraphs 1-11 of the complaint and incorporates

21  the same herein by this reference as though set forth in full.

22       24. 15 U.S.C. § 78u-6, subdivision (h)(1)(A)(iii), of the Dodd-Frank Act makes it unlawful

23  to terminate an employee in retaliation for making disclosures that are required or protected under

24  any law, rule, or regulation subject to the jurisdiction of the Securities and Exchange Commission

25  (SEC). The disclosures that Mr. Doust made to Mr. Boyle and told Mr. Boyle needed to be made in

26  the financial reporting which went to prospective investors were disclosures that were required or

27  protected under laws, rules or regulations of the SEC, including without limitation 15 U.S.C. § 77q

28  and Rule 10b-5 of the Securities and Exchange Commission. Thus, the disclosures were protected

1   from retaliation under 15 U.S.C. § 78u-6 of the Dodd-Frank Act, and terminating Mr. Doust because

2   of these disclosures violated 15 U.S.C. § 78u-6 of the Dodd-Frank Act.

3       25. As the proximate result of defendants' violation of the Dodd-Frank Act, Mr. Doust has

4   suffered damages to be shown according to proof including without limitation for lost income and

5   benefits. He is entitled to an award therefor equal to twice the amount of his backpay with

6   prejudgment interest thereon plus front pay in lieu of reinstatement to be shown according to proof

7   since reinstatement is not feasible.

8       26. As the further proximate result of defendants' violation of the Dodd-Frank Act, Mr.

9   Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled

10  to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

11      WHEREFORE, Mr. Doust prays judgment against defendants and each of them as set forth

12  below.

13                      **FOURTH CLAIM FOR RELIEF**
                **Tortious Discharge in Violation of Public Policy**
14              **(Defendants are Defendants and Each of Them)**

15      27. Mr. Doust refers to the allegations of paragraphs 1-11, 18 and 24 of the complaint, and

16  incorporates the same herein by this reference as though set forth in full.

17      28. As the proximate result of plaintiff's engaging in conduct that was protected from

18  retaliation under Labor Code §§ 1102.5 and 98.6 and 15 U.S.C. § 78u-6, and his opposition to

19  statutory and regulatory violations, including without limitation statutes against fraud, including

20  without limitation Civil Code §§ 1572, 1573, 1709, and 1710, the Unfair Competition Law, Business

21  and Professions Code § 17200, et seq., Penal Code § 484, Corporations Code § 25401, 15 USC §

22  77q and Rule 10b-5, and the Dodd-Frank Act, plaintiff was terminated in tortious violation of public

23  policy.

24      29. As the proximate result of defendants' tortious discharge of Mr. Doust in violation of

25  public policy, Mr. Doust has suffered damages to be shown according to proof, including without

26  limitation, for lost income and benefits with prejudgment interest thereon, emotional distress,

27  inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary

28  losses.

1    30. Defendants' tortious discharge of Mr. Doust in violation of public policy was malicious, oppressive, fraudulent, and done with reckless and conscious indifference to Mr. Doust's rights, and Mr. Doust is entitled to an award of punitive damages therefor to be shown according to proof.

    31. As the further proximate result of defendants' tortious discharge of Mr. Doust in violation of public policy, Mr. Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

    WHEREFORE, Mr. Doust prays judgment against defendants and each of them as follows:

    1. On the first claim for relief, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses, and for punitive damages; for a $10,000 penalty to Mr. Doust and every other employee against whom a violation of Labor Code § 1102.5 was committed; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    2. On the second claim for relief, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon; for a $10,000 penalty to Mr. Doust and every other employee against whom a violation of Labor Code § 98.6 was committed; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    3. On the third claim for relief, for damages to be shown according to proof, including without limitation for twice the amount of his backpay with prejudgment interest thereon plus front pay; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    4. On the fourth claim for relief, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses, and for punitive damages; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    5. For costs of suit; and

1      6. For such other and further relief as this Court deems just and proper.

2   DATED: December 7, 2016

                                            HIGHMAN & HIGHMAN
3                                           A PROFESSIONAL LAW ASSOCIATION

4

5                                           By/s/ Bruce J. Highman
                                            Bruce J. Highman
6                                           Attorneys for Plaintiff

7                          **DEMAND FOR JURY TRIAL**

8      Plaintiff demands a jury trial.

9   DATED: December 7, 2016

                                            HIGHMAN & HIGHMAN
10                                          A PROFESSIONAL LAW ASSOCIATION

11

12                                          By/s/ Bruce J. Highman
                                            Bruce J. Highman
13                                          Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28