BRUCE J. HIGHMAN, State Bar No. 101760
LOUIS A. HIGHMAN, State Bar No. 61703
HIGHMAN & HIGHMAN
A Professional Law Association
870 Market Street, Suite 467
San Francisco, CA 94102
Telephone: (415) 982-5563
Fax: (415) 982-5202
Email: bruce.highman@highmanlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| JAMES DOUST,<br><br>    Plaintiff,<br><br>  -v-<br><br>DIRECT FLOW MEDICAL, INC., a corporation; DAVID BOYLE; DOES 1-10, inclusive,<br><br>    Defendants. | No. 3:16-cv-06997<br><br>SECOND AMENDED COMPLAINT FOR RELIEF FOR VIOLATION OF LABOR CODE §§ 1102.5 AND 98.6 AND15 U.S.C. § 78u-6 OF DODD-FRANK ACT, AND FOR TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY; DEMAND FOR JURY TRIAL |

**PARTIES**

1. Plaintiff James Doust worked as the Director of Finance of defendant Direct Flow Medical, Inc., ("DFM"), a corporation, from October 2013 until his termination on October 2, 2015. At the time of his termination, he reported to defendant David Boyle, the Chief Financial Officer.

2. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of defendants sued herein as Does 1-10, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will pray leave to amend this complaint together with appropriate charging allegations when the same have been ascertained.  Plaintiff is informed and believes and thereupon alleges that each of said fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged,

1  were proximately caused by their conduct.

## JURISDICTION

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78u-6 because the third claim for relief is brought under 15 U.S.C. § 78u-6 of the Dodd-Frank Act. The other claims for relief are brought under California law. The Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

## VENUE

4. The events alleged herein took place in the County of Sonoma in the San Francisco-Oakland Division of the Northern District of California. Plaintiff Doust is a resident of the County of Sonoma. The principal place of business of defendant DFM is also in the County of Sonoma. Therefore, venue is appropriate in the San Francisco-Oakland division of the Northern District of California.

**FIRST CLAIM FOR RELIEF**
**Violation of Labor Code § 1102.5**
**(Defendants are Defendants Direct Flow Medical, Inc., and Does 1-10, inclusive)**

5. Plaintiff refers to the allegations of paragraphs 1-4 of the complaint and incorporates the same herein by this reference as though set forth in full.

6. In a written warning dated July 16, 2015 that he gave to Mr. Doust, his manager, David Boyle, the Chief Financial Officer ("CFO"), told Mr. Doust that he had to complete financial statements that did not change. In the warning, he also referred to DFM "as a soon to be public company." About this time, Mr. Boyle also told Mr. Doust that DFM was now making quarterly financial reports regarding the company available to investors. This included the second quarter report. Previously, the financial reporting was just internal within DFM. Mr. Doust is informed and believes that the quarterly reports were made available to investors and potential investors for reasons that included without limitation that they might purchase interests or additional interests in DFM. He also is informed and believes that it was reasonably foreseeable and that DFM hoped that the investors and potential investors who received the quarterly reports might purchase interests or additional interests in DFM.

7. Mr. Doust came to realize that the second quarter 2015 financial reporting which had been

1  made available to investors needed to be changed because it charged excess capacity to inventory
2  that should have instead been charged as an expense. The charging of the excess capacity to
3  inventory would not have really mattered if the report had not been made available to investors
4  inasmuch as it could have been revised by the end of the year. But because the report had been made
5  available to investors, Mr. Doust believed the report was not legally proper or in accord with
6  Generally Accepted Accounting Principles ("GAAP") and violated state or federal statutes, rules or
7  regulations. He also believed the legal problem with the report was made worse by the fact that DFM
8  planned to soon be a public company. Mr. Doust additionally believed it would especially be
9  unlawful and violate state or federal statutes, rules or regulations not to correct the second quarter
10 report now that it was realized that excess capacity that had been charged to inventory needed instead
11 to be charged as an expense.

12       8. Accordingly, on September 29, 2015, Mr. Doust wrote an email to his manager, Mr. Boyle,
13 the CFO, in which he noted that there might need to be a fairly large reclassification of money from
14 inventory to expense in the second quarter reporting, and that he had drafted a proposed new policy
15 for expensing excess capacity that he had tried to base on FAS 151 of the Financial Accounting
16 Standards Board. Mr. Doust attached the policy to the email. The reclassification would adversely
17 affect the company's reported net income for the second quarter. Although Mr. Doust had previously
18 talked with Mr. Boyle about how excess capacity charged to inventory should instead have been
19 charged as an expense, he had not before September 29 disclosed to Mr. Boyle that there might need
20 to be a fairly large reclassification of money in the second quarter reporting that had already been
21 made available to investors. On October 2, 2015, Mr. Boyle and Cheryl Clem, then the Human
22 Resources Director, met with Mr. Doust. Mr. Boyle told Mr. Doust that he had violated Mr. Boyle's
23 directive in the July 16, 2015 written warning not to change financial statements so he was being
24 fired.

25       9. Labor Code 1102.5, subdivision (b), states: "An employer, or any person acting on behalf
26 of the employer, shall not retaliate against an employee for disclosing information, or because the
27 employer believes that the employee disclosed or may disclose information, to . . . a person with
28 authority over the employee or another employee who has the authority to investigate, discover, or

correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation, . . . ."

10. Mr. Doust disclosed information to Mr. Boyle that Mr. Doust had reasonable cause to believe disclosed a violation of a state or federal statute, or a violation or noncompliance with a local, state, or federal rule or regulation. Mr. Boyle was a person with authority over Mr. Doust and also was an employee with the authority to investigate, discover, or correct the violation or noncompliance. Therefore, Mr. Doust engaged in conduct protected from retaliation under Labor Code § 1102.5, subdivision (b), by disclosing to Mr. Boyle information regarding the need to reclassify money from inventory to expense in the second quarter reporting. Mr. Boyle and DFM violated Labor Code § 1102.5, subdivision (b), by terminating Mr. Doust because of this disclosure.

11. Labor Code § 1102.5, subdivision (c), states: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." In engaging in the above conduct of seeking to correct the second quarter 2015 reporting, Mr. Doust refused to participate in an activity that would result and that he reasonably believed would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. Failure to correct the second quarter financial reporting would have violated, among other things, state and federal statutes, rules or regulations, including without limitation, Civil Code §§ 1572, 1573, 1709, and 1710; the Unfair Competition Law, Business and Professions Code § 17200, et seq.; Penal Code § 484; Corporations Code § 25401; 15 USC § 77q and Rule 10b-5 of the Securities and Exchange Commission; and the Dodd-Frank Act. Mr. Boyle and DFM violated Labor Code § 1102.5, subdivision (c), by terminating Mr. Doust because of his refusal.

12. As the proximate result of defendants' violation of Labor Code § 1102.5, Mr. Doust has suffered damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses.

13. Defendants' violation of Labor Code § 1102.5 was malicious, oppressive, fraudulent, and done with reckless and conscious indifference to Mr. Doust's rights, and Mr. Doust is entitled to an award of punitive damages therefor to be shown according to proof.

14. On October 2, 2016, Mr. Doust sent a letter via email to the California Labor and Workforce Development Agency (LWDA) and via certified mail to Direct Flow Medical setting forth the Labor Code § 1102.5 violation set forth in this cause of action and the facts and theories to support the violation. The 65th day after October 2, 2016, was December 6, 2016. Mr. Doust did not receive any notice back from the LWDA on or before December 6, 2016, as to whether it intends to investigate the matter. Therefore, Mr. Doust has exhausted his administrative remedies under the Labor Code Private Attorneys General Act (PAGA).

15. A penalty of $10,000 as prescribed by Labor Code § 1102.5 and the PAGA should be awarded to Mr. Doust and every other employee against whom a violation of Labor Code § 1102.5 was committed.

16. As the further proximate result of defendants' violation of Labor Code § 1102.5, Mr. Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

WHEREFORE, Mr. Doust prays judgment against defendants Direct Flow Medical, Inc., and Does 1-10, inclusive, as set forth below.

**SECOND CLAIM FOR RELIEF**
**Violation of Labor Code § 98.6**
**(Defendants are Defendants Direct Flow Medical, Inc., and Does 1-10, inclusive)**

17. Plaintiff refers to the allegations of paragraphs 1-11 of the complaint and incorporates the same herein by this reference as though set forth in full.

18. Labor Code § 98.6 prohibits retaliation against an employee for exercising his rights under the Labor Code as well as for engaging in conduct delineated under Labor Code § 1102.5. Therefore, the conduct described above in which Mr. Doust engaged that was protected under Labor Code § 1102.5, subdivisions (b) and (c), was also protected from retaliation under Labor Code § 98.6. The violation by Mr. Boyle and DFM of Labor Code § 1102.5, subdivisions (b) and (c), in terminating Mr. Doust also violated Labor Code § 98.6.

1        19. As the proximate result of defendants' violation of Labor Code § 98.6, Mr. Doust has suffered damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon.

        20. On October 2, 2016, Mr. Doust sent a letter via email to the California Labor and Workforce Development Agency (LWDA) and via certified mail to Direct Flow Medical setting forth the Labor Code § 98.6 violation set forth in this cause of action and the facts and theories to support the violation. The 65th day after October 2, 2016, was December 6, 2016. Mr. Doust did not receive any notice back from the LWDA on or before December 6, 2016, as to whether it intends to investigate the matter. Therefore, Mr. Doust has exhausted his administrative remedies under the Labor Code Private Attorneys General Act (PAGA).

        21. A penalty of $10,000 as prescribed by Labor Code § 98.6 and the PAGA should be awarded to Mr. Doust and every other employee against whom a violation of Labor Code § 98.6 was committed..

        22. As the further proximate result of defendants' violation of Labor Code § 98.6, Mr. Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

        WHEREFORE, Mr. Doust prays judgment against defendants Direct Flow Medical, Inc., and Does 1-10, inclusive, as set forth below.

**THIRD CLAIM FOR RELIEF**
**Violation of 15 U.S.C. § 78u-6 of Dodd-Frank Act**
**(Defendants are Defendants and Each of Them**

        23. Plaintiff refers to the allegations of paragraphs 1-11 of the complaint and incorporates the same herein by this reference as though set forth in full.

        24. 15 U.S.C. § 78u-6, subdivision (h)(1)(A)(iii), of the Dodd-Frank Act makes it unlawful to terminate an employee in retaliation for making disclosures that are required or protected under any law, rule, or regulation subject to the jurisdiction of the Securities and Exchange Commission (SEC). The disclosures that Mr. Doust made to Mr. Boyle and told Mr. Boyle needed to be made in the financial reporting which went to prospective investors were disclosures that were required or protected under laws, rules or regulations of the SEC, including without limitation 15 U.S.C. § 77q

1 and Rule 10b-5 of the Securities and Exchange Commission. Thus, the disclosures were protected from retaliation under 15 U.S.C. § 78u-6 of the Dodd-Frank Act, and terminating Mr. Doust because of these disclosures violated 15 U.S.C. § 78u-6 of the Dodd-Frank Act.

25. As the proximate result of defendants' violation of the Dodd-Frank Act, Mr. Doust has suffered damages to be shown according to proof including without limitation for lost income and benefits. He is entitled to an award therefor equal to twice the amount of his backpay with prejudgment interest thereon plus front pay in lieu of reinstatement to be shown according to proof since reinstatement is not feasible.

26. As the further proximate result of defendants' violation of the Dodd-Frank Act, Mr. Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

WHEREFORE, Mr. Doust prays judgment against defendants and each of them as set forth below.

**FOURTH CLAIM FOR RELIEF**
**Tortious Discharge in Violation of Public Policy**
**(Defendants are Defendants Direct Flow Medical, Inc., and Does 1-10, inclusive)**

27. Mr. Doust refers to the allegations of paragraphs 1-11, 18 and 24 of the complaint, and incorporates the same herein by this reference as though set forth in full.

28. As the proximate result of plaintiff's engaging in conduct that was protected from retaliation under Labor Code §§ 1102.5 and 98.6 and 15 U.S.C. § 78u-6, and his opposition to statutory and regulatory violations, including without limitation statutes against fraud, including without limitation Civil Code §§ 1572, 1573, 1709, and 1710, the Unfair Competition Law, Business and Professions Code § 17200, et seq., Penal Code § 484, Corporations Code § 25401, 15 USC § 77q and Rule 10b-5, and the Dodd-Frank Act, plaintiff was terminated in tortious violation of public policy.

29. As the proximate result of defendants' tortious discharge of Mr. Doust in violation of public policy, Mr. Doust has suffered damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary

7
Second Amended Complaint - No. 3:16-cv-06997

1  losses.

2      30. Defendants' tortious discharge of Mr. Doust in violation of public policy was malicious, oppressive, fraudulent, and done with reckless and conscious indifference to Mr. Doust's rights, and Mr. Doust is entitled to an award of punitive damages therefor to be shown according to proof.

    31. As the further proximate result of defendants' tortious discharge of Mr. Doust in violation of public policy, Mr. Doust has had to hire attorneys and incur litigation expenses to prosecute this lawsuit and is entitled to an award of attorneys' fees and litigation expenses therefor to be shown according to proof.

    WHEREFORE, Mr. Doust prays judgment as follows:

    1. On the first claim for relief, against defendants Direct Flow Medical, Inc., and Does 1-10, inclusive, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses, and for punitive damages; for a $10,000 penalty to Mr. Doust and every other employee against whom a violation of Labor Code § 1102.5 was committed; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    2. On the second claim for relief, against defendants Direct Flow Medical, Inc., and Does 1-10, inclusive, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon; for a $10,000 penalty to Mr. Doust and every other employee against whom a violation of Labor Code § 98.6 was committed; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    3. On the third claim for relief, against defendants and each of them, for damages to be shown according to proof, including without limitation for twice the amount of his backpay with prejudgment interest thereon plus front pay; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    4. On the fourth claim for relief, against defendants Direct Flow Medical, Inc., and Does 1-10, inclusive, for damages to be shown according to proof, including without limitation, for lost income and benefits with prejudgment interest thereon, emotional distress, inconvenience, mental

anguish, loss of enjoyment of life, loss of reputation, and other nonpecuniary losses, and for punitive damages; and for reasonable attorneys' fees and litigation expenses to be shown according to proof;

    5. For costs of suit; and

    6. For such other and further relief as this Court deems just and proper.

DATED: February 22, 2017

                                   HIGHMAN & HIGHMAN
                                   A PROFESSIONAL LAW ASSOCIATION


                                   By/s/ Bruce J. Highman
                                   Bruce J. Highman
                                   Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: February 22, 2017

                                   HIGHMAN & HIGHMAN
                                   A PROFESSIONAL LAW ASSOCIATION


                                   By/s/ Bruce J. Highman
                                   Bruce J. Highman
                                   Attorneys for Plaintiff