ANDERIES & GOMES LLP
Allan J. Gomes (SBN 225810)
Shane K. Anderies (SBN 215415)
601 Montgomery Street, Suite 888
San Francisco, California  94111
Telephone:     (415) 217-8802
Facsimile:      (415) 217-8803
agomes@andgolaw.com
sanderies@andgolaw.com

Attorneys for Defendants
DIRECT FLOW MEDICAL, INC. and
DAVID BOYLE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECT FLOW MEDICAL, INC., a corporation; DAVID BOYLE; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.  3:16-cv-06997-LB<br><br>**DEFENDANTS DIRECT FLOW MEDICAL, INC. AND DAVID BOYLE'S ANSWER TO PLAINTIFF JAMES DOUST'S SECOND AMENDED COMPLAINT** |

Defendants DIRECT FLOW MEDICAL, INC. and DAVID BOYLE ("Defendants") answer Plaintiff JAMES DOUST'S ("Plaintiff") Second Amended Complaint as follows:

　　1.　Defendants admit to the allegations of Paragraph 1.

　　2.　Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, on that basis, deny them.

　　3.　The allegations in Paragraph 3 contain legal verbiage and call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 3.

　　4.　Defendants admit only that venue is proper in this District to the extent the Court has jurisdiction.  Except as expressly admitted, Defendants deny the allegations of Paragraph 4.

5. Defendants reassert and incorporate by reference each of the preceding admissions and denials in response to Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. The allegations in Paragraph 9 contain legal verbiage to which no response is required. To the extent a response is required, Defendants admit Paragraph 9 contains an accurate recitation of Labor Code §1102.5(b).

10. Defendant David Boyle admits only that he was a person with authority over Plaintiff and also was an employee with the authority to investigate, discover, or correct a violation or noncompliance. Defendants deny the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal verbiage to which no response is required. To the extent a response is required, Defendants admit Paragraph 11 contains an accurate recitation of Labor Code §1102.5(c).

12. Defendants deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, deny them.

15. The allegations in Paragraph 15 contain legal verbiage and call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 15.

16. The allegations in Paragraph 16 contain legal verbiage and call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 16.

17. Defendants reassert and incorporate by reference each of the preceding admissions and denials in response to Paragraph 17.

18. The allegations in Paragraph 18 contain legal verbiage and call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

1  allegations of Paragraph 18.

2  19. The allegations in Paragraph 19 contain legal verbiage and call for legal conclusions to
3  which no response is required. To the extent a response is required, Defendants deny the
4  allegations of Paragraph 19.

5  20. Defendants lack information sufficient to form a belief as to the truth of the allegations
6  of Paragraph 20 and, on that basis, deny them.

7  21. The allegations in Paragraph 21 contain legal verbiage and call for legal conclusions to
8  which no response is required. To the extent a response is required, Defendants deny the
9  allegations of Paragraph 21.

10  22. The allegations in Paragraph 22 contain legal verbiage and call for legal conclusions to
11  which no response is required. To the extent a response is required, Defendants deny the
12  allegations of Paragraph 22.

13  23. Defendants reassert and incorporate by reference each of the preceding admissions and
14  denials in response to Paragraph 23.

15  24. The allegations in Paragraph 24 contain legal verbiage and call for legal conclusions to
16  which no response is required. To the extent a response is required, Defendants deny the
17  allegations of Paragraph 24.

18  25. The allegations in Paragraph 25 contain legal verbiage and call for legal conclusions to
19  which no response is required. To the extent a response is required, Defendants deny the
20  allegations of Paragraph 25.

21  26. The allegations in Paragraph 26 contain legal verbiage and call for legal conclusions to
22  which no response is required. To the extent a response is required, Defendants deny the
23  allegations of Paragraph 26.

24  27. Defendants reassert and incorporate by reference each of the preceding admissions and
25  denials in response to Paragraph 27.

26  28. The allegations in Paragraph 28 contain legal verbiage and call for legal conclusions to
27  which no response is required. To the extent a response is required, Defendants deny the
28  allegations of Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Second Amended Complaint herein, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, to the extent that it seeks relief beyond the period allowed under the applicable statue(s) of limitation, including, but not limited to, the statutes of limitations in Code of Civil Procedure §337, 338, 339, 340(a)-(b), 343 and Business and Professions Code §17208.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint as a whole, and each purported cause of action therein, fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, because Defendants' actions were a just and proper exercise of management discretion, were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and were based on legitimate non-discriminatory and non-retaliatory business reasons, including, but not limited to, Plaintiff's performance issues.

### FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of avoidable consequences to the extent Plaintiff unreasonably failed to inform Defendants of any alleged unlawful conduct.  The doctrine of avoidable consequences also bars Plaintiff's Complaint to the extent Defendants exercised reasonable care to prevent and promptly correct any

unlawful conduct of which Plaintiff complained, if he did, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.  Further, Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff after his separation from employment with Defendants.  Such income shall include all earned income, state disability payments, social security payments, private disability insurance, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state or local program or from any private insurance.

### SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.  Defendants are informed and believe, and thereon allege, that Plaintiff's misconduct was sufficiently severe that Defendants would have discharged Plaintiff because of that conduct had Defendants known of it.

### NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, to the extent Plaintiff failed to exhaust his internal and/or administrative remedies.

///

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to receive punitive damages because Plaintiff has not pled facts sufficient to support such an award.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege they have not engaged in intentional retaliation with respect to Plaintiff, and Defendants therefore cannot be liable for punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that they have not acted with malice, reckless indifference, or fraud toward Plaintiff and therefore, Defendants cannot be liable for punitive damages.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of his Second Amended Complaint;
2. That the Second Amended Complaint and each cause of action be dismissed in its entirety with prejudice;
3. That Plaintiff be denied each and every demand and prayer for relief contained in the Second Amended Complaint;
4. For costs of suit incurred herein, including reasonable attorney's fees, as and where permitted by law; and
5. For such other and further relief as the Court deems just and equitable.

DATED: March 14, 2017

ANDERIES & GOMES LLP

BY: /s/ *Allan J. Gomes*
Allan J. Gomes

*Attorney for Defendants*
DIRECT FLOW MEDICAL, INC. and DAVID BOYLE